Harold Dean SMITH, Appellant,

v.

STATE of Indiana, Appellee.

No. 578S96.

Supreme Court of Indiana.

April 17, 1979.

John E. Eisele, Theodore F. Smith, Jr., Anderson, for appellant.

Theo. L. Sendak, Atty. Gen., Robert J. Black, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of committing a felony while armed. He was sentenced to a determinate term of 12 years.

Appellant claims the trial court erred in refusing to grant a mistrial after the jury had retired for deliberation and had submitted questions to the trial court, which the trial court refused to answer. Appellant argues the trial court has a duty under IC § 34–1–21–6 [Burns 1973] to answer such questions when posed by the jury. The statute states:

> "After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

This statute was construed to be applicable to criminal prosecutions in *Ortiz v. State* (1976) 265 Ind. 549, 356 N.E.2d 1188. However the statute cannot be construed to mean that a failure to so inform the jury is reversible error per se. The trial court must exercise discretion in determining whether certain questions of the jury should be answered.

In the case at bar the jury made four requests: (1) they asked the source of a picture identifying the appellant; (2) a floor plan of the scene of the crime; (3) the testimony of four State witnesses; and (4) the names of all prosecuting witnesses. As to items (1), (2) and (4), the court told the jury that it would not answer these questions because the jury was to make their

decision solely upon what they had heard and observed at the trial. As to (3), the court informed the jury that to give them the testimony of four prosecuting witnesses would give undue weight to that testimony. The appellant has failed to show how the refusal to answer the jury's questions acted to prejudice him. The appellant made no objection to the trial court's action at the time the jury's requests were refused. His motion for new trial was based on the proposition that the questions propounded by the jury indicated they were uncertain as to the testimony; therefore the court erred in refusing to declare a hung jury. No assignment of error was made as to the court's refusal to answer the jury's questions. We find no abuse of discretion in the trial court's refusal to answer the jury's questions.

■ Appellant next claims the trial court unduly limited his scope of cross-examination, thereby denying him the Sixth Amendment right to confront his accusers. The scope and extent of cross-examination is largely within the trial court's discretion. *Pulliam v. State* (1976) 264 Ind. 381, 345 N.E.2d 229. Only where there is a total denial of access during cross-examination to an area bearing upon the credibility of a crucial State witness is a Sixth Amendment issue raised. Any lesser curtailment is reviewable only for an abuse of discretion. *Brooks v. State* (1973) 259 Ind. 678, 291 N.E.2d 559. Appellant claims the court's limitation upon cross-examination deprived him of an opportunity to demonstrate bias, interest, prejudice and lack of credibility of certain State witnesses as to identification testimony. The record indicates that the appellant was given considerable latitude in the scope of cross-examination and was not denied a right of confrontation. Appellant cites several instances where objections to questions asked on cross-examination were sustained. The record, however, shows that these objections were properly sustained on evidentiary grounds. Other objections were sustained after a bench hearing, the reasons for which do not appear in the record. Appellant has shown no prejudice to his cause as a result of the trial court's

rulings. We find no evidence of the trial court's abuse of discretion in the record.

Appellant next claims the verdict is contrary to law because no evidence of probative value was presented to show that appellant was an actor in the crime or that he had taken property from the deceased. Viewing the evidence most favorable to the State, we cannot agree. The record shows that the decedent was operating an illegal, after-hours drinking and gambling establishment. At approximately 4:30 a. m. on August 9, 1975, two men entered the lounge indicating they were police officers on a raid. One of these men went to the back room and shot the decedent. When the shots were fired the front door opened and four armed men entered the premises and announced that they were robbers. Appellant was identified as one of these men. The patrons were ordered to undress and a female patron was instructed to gather their valuables. Money was found missing from the decedent's trousers, as was a change box located in the back room where the decedent had been shot.

■ Appellant argues that only circumstantial evidence was introduced that he had taken money from the decedent. He maintains that unless every reasonable hypothesis of innocence is excluded when circumstantial evidence is used, the verdict is contrary to law. We would note however that the proper standard for appellate review, as set forth in *Ruetz v. State* (1978) Ind., 373 N.E.2d 152, is that we consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom and will affirm the conviction if there is substantial evidence of probative value to support every material element of the crime beyond a reasonable doubt. The evidence presented in this case was clearly sufficient to support the verdict of the jury.

■■ Appellant also claims the verdict is contrary to law because the guilty verdict on the count of committing a felony while armed is inconsistent with the verdict of acquittal on a count of felony murder. The

United States Supreme Court has held that inconsistent verdicts do not require reversal of the conviction and that each count in an indictment is regarded as if it were a separate indictment. *Dunn v. U. S.* (1932) 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356. We have adopted this position as the law in Indiana. *Pierce v. State* (1977) Ind., 369 N.E.2d 617; *Flowers v. State* (1943) 221 Ind. 448, 48 N.E.2d 56. Appellant asks this Court to adopt the position taken by the Alaska Supreme Court in *DeSacia v. State* (1970) 469 P.2d 369. In that case the defendant was charged with manslaughter of two persons killed as a result of an automobile crash. The jury found the defendant guilty of manslaughter as to one victim, but not guilty as to the second victim. The Alaska court declined to apply *Dunn* and ruled inconsistent verdicts of this nature require a reversal. We would first note that *DeSacia* is distinguishable from the case at bar in that identical prosecutions for manslaughter were involved. The present case involves separate crimes with different elements. As this Court stated in *Pierce, supra,* "[i]t is not within our province to attempt to interpret the thought processes of the jury in arriving at their verdict." 369 N.E.2d at 621. The evidence in the case at bar supports the verdict of the jury. We therefore hold the verdict is not contrary to law.

■ Appellant next claims the trial court erred in refusing to give two of his tendered instructions. The trial court commits no error when it refuses to give a tendered instruction which incorrectly states the law or which is adequately covered by other instructions. *Toliver v. State* (1978) Ind., 372 N.E.2d 452. Instructions should be read as a whole and the impact of the entire instruction should be considered in determining reversible error. *Carter v. State* (1977) Ind., 361 N.E.2d 1208.

■ Appellant's tendered instruction numbered 3 stated that the State had the burden of proving every element of the crime charged, including appellant's identity. Appellant argues this tendered instruction was necessary, in that he had filed a notice of alibi. He contends that when an alibi defense is interposed the jury should be specifically instructed that the appellant does not have the burden to prove his alibi. It should be noted that appellant's tendered instruction does not mention the defense of alibi and merely constitutes a general instruction of the State's burden of proof. Other instructions by the trial court covered the presumption of innocence and the State's burden to prove each element beyond a reasonable doubt. The court also instructed the jury that evidence had been introduced to establish an alibi and that the State must prove beyond a reasonable doubt that the appellant was present at the time and place the offense was committed. The tendered instruction was merely repetitive of other instructions given by the trial court; therefore it was properly rejected.

■ Appellant tendered instruction numbered 6, which stated in part:

"Where the State has competent and material evidence, presumably favorable to itself and readily obtainable, and fails to produce it, the presumption is that the evidence, if produced would be unfavorable to said State's contention. . . ."

We have held that the trial court commits no error when it refuses to instruct the jury as to the effect of the State's failure to produce known witnesses where the defendant had access to all of these witnesses and could have called them as his own witnesses. *Gatchett v. State* (1973) 261 Ind. 109, 300 N.E.2d 665.

■ Pursuant to appellant's motion for production of State's witnesses, the State produced a witness list of 15 names. The State called eight of these witnesses at trial. The appellant had an opportunity to cross-examine these witnesses and could have called the other seven witnesses on his own behalf if he had so chosen. Appellant argues however that the benefit of calling his witnesses was defeated because the State had instructed its witnesses not to answer questions in reference to the case. Appellant maintains this was a deliberate attempt by the State to silence these witnesses. The record does not show however

that the appellant ever attempted to contact the non-testifying witnesses or that the State attempted to suppress evidence favorable to the appellant's cause. Appellant was given considerable latitude on cross-examination and shows no prejudice to his cause in the State's failure to call the absent witnesses. Appellant's tendered instruction was properly rejected by the trial court.

The trial court is in all things affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.