**James JOHNSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 2–777A295 (180S8).

Supreme Court of Indiana.

Jan. 11, 1980.

Robert W. Hammerle, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

PRENTICE, Justice.

This case is before us upon the petition of the State of Indiana (Plaintiff-Appellee) to transfer the cause from the Court of Appeals, Fourth District, that Court having, by an unpublished opinion filed September 13, 1979, reversed the judgment of the trial court entered upon the jury verdict of guilty of second degree burglary. Said opinion contravened a ruling precedent of this Court, to-wit: *Smith v. State,* (1979) Ind., 388 N.E.2d 484, wherein it was stated that "Instructions should be read as a whole and the impact of the entire instruction should be considered in determining reversible error." Accordingly, that decision and opinion are hereby vacated, and the State's petition to transfer is hereby granted.

As previously stated, Defendant was convicted of second degree burglary, Ind. Code § 35–13–4–4(b). His appeal to the Court of Appeals assigned three issues:

(1) Whether the trial court erred in overruling his pre-trial motion to strike the jury array.

(2) Whether the trial court erred in overruling his objection to the court's final instruction on the defense of intoxication.

(3) Whether there was sufficient evidence to support the verdict.

* * * * * *

### ISSUE I

■ Defendant first contends that the trial court acted arbitrarily and "with absolutely no standards" in excusing prospective jurors unless they were "willing and eager to serve." He argues that the court has a duty to determine whether a juror would actually suffer undue hardship; that jury service is a duty as well as a privilege; and that the court cannot rely on a juror's plea of inconvenience or hardship without valid proof that such is the case. In sum, it is his contention that the trial court's jury selection procedure violated his constitutional right to an impartial jury and to due process of law.

This Court considered the same issue in the case of *Brown v. State,* (1977) 266 Ind. 82, 360 N.E.2d 830 and the majority found nothing improper with the procedure employed (DeBruler, J. and Prentice, J. dissenting). *Accord: Holt v. State,* (1977) 266 Ind. 586, 365 N.E.2d 1209. Defendant attempts to distinguish his contention from those of *Brown* and *Holt* in the above-cited cases. He posits that his contention is based, for the first time, upon constitutional grounds; and he cites, in support of his constitutional arguments, *Taylor v. Louisiana,* (1975) 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 and *Thiel v. Southern Pacific Co.,* (1946) 328 U.S. 217, 66 S.Ct. 984, 90 L.Ed. 1181. While the opinion in the *Brown* case does not expressly state that the procedure complained of did not violate constitutional standards, it is clear that the majority considered and rejected that argument, albeit *sub silentio.* The majority opinion did analyze the issue from the perspective of whether the trial court's actions precluded the jury from being representative of a *fair-cross section of the community* —which is the constitutional standard enunciated in the cases cited by the defendant. Also, the dissenting opinion cited those cases, to no avail. Thus the constitutional aspect which Defendant raises has been considered and decided against his position.

### ISSUE II

■ Defendant contends that the trial court erred in giving the following instruction:

"In order to convict the defendant of the crime, it is necessary to satisfy the jury beyond a reasonable doubt that the defendant entertained the specific intent to commit theft. Mere drunkenness does not excuse the offense; but intoxication may be so extreme that a person is incapable of forming or entertaining a specific intent. If the evidence shows that the defendant was intoxicated at the time of the alleged offense, the jury should consider his state of intoxication in determining if defendant had such specific intent.

"In determining whether or not a person had the capacity to form an intent to steal you may consider, weigh and evaluate the evidence, if any, as to whether or not such person did or did not attempt to steal anything.

"If from all the evidence you have a reasonable doubt whether the defendant was capable of forming such specific intent, you must give the defendant the benefit of that doubt and find that he did not have such specific intent."

The Court of Appeals agreed with Defendant's contention and held that the second paragraph of the above-cited instruction put undue emphasis on only one factor relating to the extent of Defendant's intoxication and, in so holding, stated:

"The jury was instructed to consider all of the evidence, but was referred specifically only to the attempt to steal as a circumstance from which to infer intent, to the exclusion of other conceptually relevant circumstantial evidence. The effect of the overemphasis . . . was to impress unduly upon the jury the notion that if the defendant . . . did steal (or so attempt) anything, then he had the capacity to form an intent. This mislead (sic) the jury as to the law."

In its petition to transfer, the State contends that the Court of Appeals failed to give sufficient weight to the first and third paragraphs of said instruction; that, by instructing the jury to consider "all the evidence," the third paragraph counter-balances any tendency which the second paragraph may have had towards unduly limiting the scope of the jury's examination of the intoxication issue.

The second paragraph of the instruction did tend to emphasize one particular item of evidence, and for this reason it is disapproved. However, the last paragraph did advise of the necessity of considering *all* the evidence upon the defendant's capability; and we are of the opinion, that, in context, the questioned paragraph did not render the instruction, as a whole, fatally defective.

## ISSUE III

The defendant's assignment that the verdict was not sustained by the evidence presupposed that the jury was improperly instructed as to the law of intoxication. That issue having been resolved to the contrary, such assignment is without foundation.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with statement.

DeBRULER, Justice, dissenting.

The accused in a criminal prosecution is entitled to instructions which define defenses in an objective manner without manipulative language of the sort contained in the second paragraph of this instruction. I agree with Judge Young writing for the judges of the Fourth District Court of Appeals that this instruction was erroneous.