Carrie DOUGLAS, Appellant,

v.

STATE of Indiana, Appellee.

No. 681S168.

Supreme Court of Indiana.

Nov. 17, 1982.

Lindsay P. Schneider, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged in a three-count information with rape, child molesting and incest. A jury convicted him of rape and incest but found him not guilty of child molestation. Appellant was sentenced to life imprisonment for the rape and two years for incest. The terms were ordered to be served concurrently.

Appellant claims the evidence is insufficient to support the convictions of rape and incest. He argues the record shows no testimony by the victim of penetration. Under our standard of review we will not weigh the evidence nor judge the credibility of witnesses. *Williams v. State*, (1980) Ind., 406 N.E.2d 241.

The record reveals the following facts. The charges against appellant were based on an alleged sexual relationship with his twelve (12) year old daughter. During trial his daughter denied having sexual intercourse with appellant. She further denied having made a statement that intercourse occurred. One of the victim's sisters testified she viewed appellant nude lying on top of the victim who was also nude. Another sister testified she had intercourse with her father. Two Indianapolis Police Officers assigned to child abuse and neglect investigation testified regarding their contacts with the victim. They also testified the victim's family had been attempting to intimidate her to prevent her from testifying. One detective stated the victim told her appellant initially had intercourse with her when she was nine years old. As a result she bled profusely, required surgery and was hospitalized. Following appellant's instructions, the victim told the hospital physician she had penetrated herself with a broom. The other detective confirmed that the victim made these statements. Appellant's former wife testified that the victim told her appellant was "fooling around with her." This evidence amply supports the convictions.

Appellant next claims he was denied the effective assistance of counsel. It is presumed that counsel is competent. A showing of strong and convincing evidence is required to rebut the presumption. The standard of review of an issue of inadequacy of counsel is the mockery of justice test as modified by the adequate legal representation standard. While incompetency of counsel revolves around the particular facts in each case, we will not speculate as to what may have been the most advantageous strategy in a particular case. Although perfunctory representation is insufficient, isolated mistakes, poor strategy, bad tactics or inexperience does not necessarily amount to ineffectiveness. *Lindley v.*

*State,* (1981) Ind., 426 N.E.2d 398; *Rice v. State,* (1981) Ind., 426 N.E.2d 680.

■ Appellant alleges several instances of inadequate representation by his trial counsel. The State filed a pre-trial motion in limine, pursuant to I.C. § 35–1–32.5–1 [Burns Repl. 1979], (repealed by Acts 1981, P.L. 298, § 9), prohibiting the defense from introducing any evidence or making reference to the victim's or her two sisters' past sexual conduct. The trial court granted the State's motion in limine. Appellant calls our attention to defense counsel's objection "for the record" and his failure to comply with I.C. § 35–1–32.5–3(a) [Burns Repl. 1979] (repealed by Acts 1981, P.L. 298, § 9). The provision requires the defendant, who desires to introduce evidence of the victim's past sexual conduct with the defendant or evidence which in a specific instance of sexual activity show that some person other than the defendant committed the sexual offense, to file a written motion stating the defense has an offer of proof concerning the evidence and its relevancy to the case not less than ten days before trial. We fail to see how defense counsel was incompetent by not attempting to comply with the statute when the applicability of the statute is questionable. There is nothing in the facts of the case at bar to indicate a valid defense issue concerning the prior sexual conduct of either the prosecuting witness or her sisters.

■ Appellant additionally draws our attention to his defense counsel's failure to object to specific questions asked of one of appellant's daughters regarding her sexual relationship with her father in 1977, allegedly in violation of the order in limine. The evidence was admissible to show depraved sexual instinct. *Grey v. State,* (1980) Ind., 404 N.E.2d 1348. Similarly, the testimony of two detectives alluding to the incestuous relationship of four years duration was admissible under the exception. One detective testified appellant had explained that he had "examined" his daughter because he suspected her of having sexual intercourse with neighborhood boys. The statement is not a comment on the victim's past sexual conduct, but rather an explanation of appellant's conduct. Appellant alleges his defense attorney's failure to object on the basis of the State's motion in limine, or alternatively, show this evidence as being an exculpatory statement demonstrates incompetence. Appellant is inviting us to speculate about defense counsel's strategy which we decline to do.

■ Appellant alleges defense counsel's conduct during an interview with the victim, made part of the record by pretrial procedure, inflicted such emotional trauma that the victim's conduct and testimony at trial were altered and misinterpreted. Appellant claims the victim's attempt to vindicate her father was thus sabotaged by his attorney. Defense counsel declined cross-examination of the victim. To conjecture what possible effect appellant's meeting with the victim had on her demeanor during trial and how the jury evaluated her testimony is beyond our standard of review and enters the realm of mere speculation.

■ Appellant alleges the court questioned counsel's tactical decision for having him dressed in what appeared to be jail clothes. However, the record reveals defense counsel did not participate in selecting appellant's trial attire. Appellant was dressed in the uniform he wore at the time of arrest. By the court's inquiry, the record shows appellant did not want relatives to bring clothes for his trial appearance. Appellant also alleges a judicial comment and defense counsel's conduct culminating in his motion for directed verdict should be examined in determining inadequate counsel. In the context of the record, neither falls to the level of incompetence.

■ Appellant alleges his defense counsel's failure to object on the ground of hearsay to the testimony of the two detectives regarding what the victim told them about the existence of an incestuous relationship and the subsequent admission of the evidence demonstrates inadequacy. However, a hearsay challenge to the evidence would not have been successful because the declarant was in court and availa-

ble for cross-examination. *Patterson v. State,* (1975) 263 Ind. 55, 324 N.E.2d 482.

■ Appellant cites that his defense counsel never objected to one detective's testimony regarding a statement previously made by appellant, characterized by him as being incriminating and prejudicial. In the statement appellant denied sexual intercourse although he admitted "checking" the victim for sexual activity with neighborhood boys. The content of the statement itself does not bear out appellant's allegation.

■ During cross-examination appellant claims his counsel acted incompetently in that he asked the police officer if he thought appellant was "twisted." What defense counsel actually asked was if during an interview the officer stated to appellant he thought he was twisted. The officer answered affirmatively. We see this line of questioning as discretionary trial tactics on the part of the trial defense counsel which we will not second-guess on appeal.

■ Appellant alleges that the inference of inadequate preparation for trial by failing to interview a State's witness may be drawn from his surprised appearance when the witness was called to testify. Defense counsel properly objected on the grounds the State had not complied with the discovery order by informing him of the witness. However, the witness' testimony was based on events occurring the night before trial. The witness refuted the testimony of a police officer that she intimidated the victim, attempting to dissuade her from testifying against her father. Defense counsel's conduct was not inadequate.

■ Appellant claims his defense counsel waived an appealable allegation of error by proceeding to put on evidence in defense after moving for a directed verdict. He contends the testimony of the defense witness, another daughter, served no purpose but allowed the State to assert on cross-examination that appellant was the father of her two children. The record discloses the witness testified she had no knowledge of any sexual relationship between the victim and appellant. She further related incidents between the police officer and the victim that may have been intimidating. On cross-examination the witness denied appellant sired her children and named the father. We see the calling of this witness as a discretionary trial tactic on the part of defense counsel.

■ Appellant alleges trial counsel's incompetency is demonstrated by his failure to object to the State's written motion to amend one count of the three count information from child molestation to rape submitted to the court on December 8, 1980. We note a change in charges could have been accomplished by dismissal and refiling of the charges deleting the count of child molestation and adding rape. The record includes both a pro se and defense counsel's motion for speedy trial filed respectively on December 18, 1980, and December 31, 1980. We will not explore defense counsel's strategy in proceeding under the amended information rather than enduring a dismissal and refiling of a corrected information.

■ Appellant also alleges trial counsel's incompetency is demonstrated by his failure to make a specific objection to the State's motion to amend the information as to one of the dates intercourse occurred. When time is not of the essence of the offense and the information was filed within the statute of limitations, the information "may be amended on motion by the prosecuting attorney, at any time because of any immaterial defect, including: (7) The failure to state the time or place at which the offense was committed . . . ." I.C. § 35–3.1–1–5 (Burns Supp. 1982). *Tapp v. State,* (1971) 256 Ind. 422, 269 N.E.2d 367. Appellant offered no alibi in his defense but totally denied the charges.

■ Appellant claims the trial court erred in denying his motion for an evidentiary hearing to ascertain trial counsel's tactical reasoning. He claims the court further erred in refusing to allow him to present exculpatory evidence as set forth in an affidavit accompanying the motion to correct errors as well as other evidence

thought to be competent by appellant which he desired to be introduced during trial but which defense counsel failed to do. While Trial Rule 59(H)(1) provides a means of basing a motion to correct errors on evidence outside the record by supporting affidavits, it does not suggest an evidentiary hearing. In *Harris v. State,* (1981) Ind., 427 N.E.2d 658, the appellant claimed the trial court erred in denying his motion for an evidentiary hearing on his motion to correct errors. He sought to introduce evidence regarding his defense counsel's competency. Finding nothing in the rules that require a hearing on such a motion, this Court held the trial court did not err.

 Appellant claims the verdicts of guilty of incest and not guilty of child molesting are inconsistent, citing *Marsh v. State,* (1979) Ind., 393 N.E.2d 757, and *Herman v. State,* (1979) Ind., 397 N.E.2d 978. In the case of *Hicks v. State,* (1981) Ind., 426 N.E.2d 411, we held that it is not within our purview to attempt to interpret the thought process of the jury in arriving at their verdict. Jury verdicts do not have to be consistent in cases where one criminal transaction gives rise to criminal liability for separate and distinct offenses. *Tillman v. State,* (1981) Ind., 426 N.E.2d 1149. Although the jury may have found appellant guilty of child molestation from the evidence adduced at trial, it was not bound to do so.

Appellant claims the trial court erred by replaying a witness' testimony. I.C. § 34–1–21–6 states:

"After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

In *Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188, we construed the above statute to require the judge, upon request of the jury, to read to them any properly admitted testimony or documentary evidence. However, failure to do so is not reversible error per se. *Smith v. State,* (1979) Ind., 388 N.E.2d 484. We held in *Smith* the trial court must exercise discretion in determining whether certain questions propounded by the jury should be answered. In the case at bar, the trial court did not abuse its discretion by replaying the recorded testimony.

The trial court is in all things affirmed.

All Justices concur.