**Michael COUNCELLER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 383S97.

Supreme Court of Indiana.

Aug. 9, 1984.

Rehearing Denied Oct. 5, 1984.

George J. Lewis, Ronald R. Pritzke, Lineback & Lewis, P.C., Greenfield, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Michael Counceller, was convicted by a jury of burglary, a Class C felony, Ind.Code § 35–43–2–1 (Burns 1984 Supp.), and of theft, a Class D felony, Ind.Code § 35–43–4–2 (Burns 1984 Supp.), and was found to be a habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Supp.). Defendant received a total sentence of thirty-eight years. The following five issues are raised in this direct appeal:

1. Whether the state complied with the trial court's discovery orders;

2. Whether the trial court erred in replaying a witness's testimony;

3. Whether the trial court erred in not declaring a mistrial when the prosecutor made an improper statement;

4. Whether the trial court erred in failing to instruct the jury on the lesser included offenses of criminal conversion and criminal trespass; and

5. Whether defendant was deprived of a fair trial.

A review of the facts most favorable to the state shows that on the night of May 18, 1981, defendant and his accomplice, David Clark, broke into the Mt. Comfort Elementary School. Clark testified that they drove to the school in Clark's pickup and left it with the hood up on a nearby road. Clark and defendant took several items from the school, including a tool box, tools, pewter plates, and some money. They also took a safe, which was later abandoned.

Soon after leaving the school defendant and Clark were stopped by Officer Jim Bradbury because a tail light on the pickup was broken. Earlier, Bradbury noticed the same truck parked on the road with its hood up. Bradbury examined the drivers' licenses of both defendant and Clark and issued Clark a citation. The officer noticed at this time that a red, two-wheel dolly was in the back of the truck; he testified that the dolly was not in the pickup when he had examined it earlier. A red dolly was one of the items taken from the school. Clark testified that they threw away most of the other items they took. Defendant was eventually apprehended in Texas.

I.

Defendant first argues that the state failed to comply with the trial court's discovery orders. The basic allegations are that the state failed to adequately disclose the names and addresses of all of its witnesses, that the state failed to disclose a statement made by defendant to the police, and that the state failed to disclose all of the documents used to support the habitual offender finding.

The record in this case shows that on September 30, 1981, defendant filed a motion for discovery that requested, *inter alia*, all statements made by defendant, the names and addresses of all witnesses and persons who would testify, and the records and reports concerning defendant's arrests and convictions. The trial court granted the motion and ordered the state to comply before November 2, 1981. On May 11, 1982, defendant moved for a continuance on the ground that the state had not complied with the discovery order. The trial court granted the motion and ordered the state to comply with the discovery order within fourteen days. Although the state originally contended it had already complied with the order, it filed a formal response to the discovery requests on May 14, 1982. On September 7, 1982, the day the trial began, defendant again moved for a continuance on the ground that the state had not fully complied with discovery. The trial court denied the motion but ordered the state to produce the names of any witnesses not already identified. The state then filed a supplemental witness list the next day, naming eleven new witnesses. On the same day, defendant made another motion for continuance, which was denied.

Defendant claims the state failed to adequately disclose the names and addresses of some of its witnesses. In its responses to defendant's discovery requests the state listed "presently unknown officials of Boone and Marion [Counties]"

and "Cindy Burk, address unknown." Defendant asserts that this was not sufficient compliance with the discovery order that required the "names and addresses of all persons ... that State of Indiana intends to call to testify ...." In a situation such as this, where there is a contention that the state violated a discovery order, a continuance is the most appropriate remedy, unless the state's action is so misleading or demonstrates such bad faith that the only way to avoid a denial of a fair trial is to exclude the state's evidence. *Chandler v. State*, (1981) Ind., 419 N.E.2d 142; *Carson v. State*, (1979) 271 Ind. 203, 391 N.E.2d 600. Here defendant did actually seek the appropriate remedy when he requested the continuances, one of which was granted and two of which were denied. The trial judge, however, has wide discretion to remedy any discovery transgressions. *Chandler v. State; Reid v. State*, (1978) 267 Ind. 555, 372 N.E.2d 1149. We cannot say that the trial judge exceeded his discretion in this case. Defendant waited until the day trial began to request a continuance despite the fact that the allegedly unsatisfactory answers to discovery were filed nearly five months before trial. The trial judge could rightfully conclude that because of the timing of the motion for a continuance other remedies were more appropriate. Thus the trial judge did compel the state to disclose all witnesses and addresses not previously disclosed. Further, although this resulted in eleven new witnesses being named, defendant has not shown with any degree of certainty how he was prejudiced by this. In short, defendant could have taken steps to remedy discovery violations before the start of trial but chose not to do so. The trial judge did not err in denying the continuance.

Defendant also contends that the state violated the discovery order when it failed to disclose a statement made by defendant to a sheriff's deputy. During the state's examination of Officer Jim Bradbury, the following question arose:

Q. "Now while you were transporting Mr. Counceller to the Hancock County Jail did you have any conversation with him?"

A. "We—"

Defendant then objected to the question on the ground that the state had not disclosed that the conversation took place. Outside the presence of the jury the state indicated that defendant told Bradbury that defendant was in the truck with Clark on the night of the burglary. At a hearing on defendant's motion to suppress Bradbury stated that he did not give this information to the prosecutor until September 9, 1982, the third day of trial. Defendant claimed that the failure of the prosecutor to reveal this conversation amounted to prosecutorial misconduct and that the trial court should have granted a mistrial.

The granting of a mistrial lies within the sound discretion of the trial court and it is proper only where, under all the circumstances, the defendant has been placed in a position of grave peril to which he should not have been subjected. *Tinnin v. State*, (1981) Ind., 416 N.E.2d 116; *Schmanski v. State*, (1979) 270 Ind. 331, 385 N.E.2d 1122. Defendant was not placed in a position of grave peril. While the state apparently did not disclose defendant made the statement, it was never introduced into evidence. Bradbury was only able to answer "We ..." before defendant objected, and the trial judge subsequently granted defendant's motion to suppress the statement. In addition, the jury was admonished to disregard the question. Under these circumstances we find no abuse of discretion.

Lastly, defendant appeals from the denial of his motion for a continuance filed before the habitual offender trial. Defendant contended the state tardily produced certain documents as well as a fingerprint card made immediately prior to the habitual offender trial. In addition to requesting a continuance defendant also filed a motion to dismiss the habitual offender count based on the late production.

Although defendant at trial objected to several of the state's exhibits, his primary contention on appeal relates to the

documents containing defendant's fingerprints. Specifically, defendant claims the trial court erred in admitting state's exhibit number 48, which was a fingerprint card. Defendant asserts he was not supplied with the document, thus violating the discovery order. But this exhibit was not made until the day the habitual offender trial began; obviously the state was not required to turn over to defendant that which did not exist prior to trial. Furthermore, while it appears that one document used by the state was not furnished to defendant prior to trial, defendant has not sufficiently established that he was prejudiced. This document, state's exhibit number 43, was an identification card from the Indiana Reformatory and contained defendant's fingerprints and picture. Defendant contends that because the card was not produced earlier he was deprived of the opportunity to bring in his own expert to examine the fingerprints. Nevertheless, defendant was aware prior to trial that the state intended to prosecute him as a habitual offender using prior felonies from Boone County and Marion County. Documentation that was provided to defendant contained defendant's fingerprints, and he could have employed an expert if defendant felt it were necessary. Defendant did not then and does not now contend that an expert examination of the fingerprints would have established that they were not defendant's. We therefore find that there was not sufficient prejudice to require reversal.

## II.

During deliberations on the underlying charges of theft and burglary, the jury requested that the instructions be reread and that Officer Bradbury's testimony be replayed. Defendant moved for a mistrial, claiming the replaying of the testimony would be improper. The motion was denied, and defendant assigns this as error.

Ind.Code § 34-1-21-6 (Burns 1973) states:

"After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

In *Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188, we construed this statute to provide that the judge must, on the jury's request, read to them any properly admitted testimony or documentary evidence. Thus, we have held in a previous case that it was not error to have a single witness's testimony replayed. *Douglas v. State,* (1982) Ind., 441 N.E.2d 957. Defendant's arguments, however, deal primarily with the procedure to be followed when testimony is replayed. Defendant argues that the trial judge must first determine if there is disagreement about the testimony *before* asking if the jury wants it replayed. Defendant also argues that the trial judge must determine on what part or parts of the testimony the jury disagrees and that the judge must ask each juror individually whether he or she wants the testimony replayed. Finally, defendant contends that, if the witness is available, he should be recalled to the witness stand rather than have a tape of his testimony replayed.

▆▆▆ We find that the trial judge committed no error in replaying Bradbury's testimony or in the procedure used. After the jury informed the trial judge that it wanted the instructions reread and the testimony replayed, the following conversation took place between the jury foreman and the judge:

BY THE COURT: "Ladies and Gentlemen have you selected a Foreman?"

BY MR. MC KEE: "Yes."

BY THE COURT: "MR. McKee you indicated, yes. Who is the Foreman?"

BY MR. MC KEE: "I am."

BY THE COURT: "Okay. Mr. McKee, are you the individual who, oh, about twenty minutes to six and then again approximately forty-five minutes ago, communicated with the Bailiff with regard to certain questions?"

BY MR. MC KEE: "Yes, I am."

BY THE COURT: "The indication that the Court had before dinner and again approximately forty-five minutes ago, was, is that, the jury desired an instruction reread or the Final instructions reread. And that they desired to have testimony replayed of a particular witness."

BY MR. MC KEE: "Yes."

BY THE COURT: "Okay. What witness's testimony is desired?"

BY MR. MC KEE: "Officer Bradbury."

BY THE COURT: "Okay. Does the jury at this time desire to have the Final Instructions reread?"

BY MR. MC KEE: "Yes, they do."

BY THE COURT: "Do the jurors have a disagreement among them as to any part or portion of the testimony of James Bradbury in this case?"

BY MR. MC KEE: "Yes."

BY THE COURT: "Do the jurors desire in light of that disagreement to have the testimony of Officer Bradbury replayed?"

BY MR. MC KEE: "Yes, they do."

We do not believe that the judge committed any error by not asking if there was disagreement before asking if the jury wanted the testimony replayed. This did not, as defendant believes, suggest disagreement to the jury. We also do not believe that the trial judge must determine exactly what the jurors disagree about. Doing so might call undue emphasis to part of the testimony at the expense of the whole. There is little utility in determining whether the jury disagrees in one area of testimony or ten; the fact that there is a disagreement serious enough to warrant a request to have the testimony replayed is sufficient. Furthermore, there is no need to question jurors individually. The foreman, selected by the jurors, speaks on behalf of all of them. Here the foreman indicated that the jurors wanted the testimony replayed. Lastly, we cannot say that the trial judge erred in playing a tape recording of Bradbury's testimony rather than recalling Bradbury to the stand, especially since defendant did not request that

Bradbury be recalled. Even if defendant had made such a request, the trial judge is in a better position than we to make a decision to recall the witness, since the judge is able to gauge the amount of delay and disruption in the jury's deliberation that might result. We find no error in the procedure used by the trial judge.

■ Defendant additionally claims that he was prejudiced when the testimony was actually replayed because the jury was again exposed to the improper question concerning statements made by defendant to Bradbury. The transcript of the replayed testimony reveals that the admonishment to the jury to disregard the question was not replayed. We agree with the state that since Bradbury never answered the question defendant's arguments regarding prejudice are largely speculative. Moreover, the question itself was not so prejudicial that a reversal is required, since it merely related to a conversation between defendant and the officer.

We therefore find no error in the replaying of the testimony.

### III.

Defendant next contends the trial court erred in not declaring a mistrial after the prosecutor stated in his opening argument on the habitual offender trial that he would prove defendant had "two or more prior unrelated felony convictions." Defendant previously had obtained a motion in limine that prohibited mention by the state of offenses other than the two crimes contained in the habitual offender information.

■ As noted in Issue I, the granting of a mistrial lies within the sound discretion of the trial judge and it is proper only where, under all of the circumstances, the defendant has been placed in a position of grave peril to which he should not have been subjected. *Tinnin v. State*, (1981) Ind., 416 N.E.2d 116. The prosecutor's remarks did not place defendant in grave peril. The trial judge admonished the jury to disregard the reference to two or more felonies, and no reference, aside from this

one remark, was ever made to the actual crimes. Therefore, the reference to "two or more" felonies had very little probably persuasive impact on the jury. *See Vanyo v. State,* (1983) Ind., 450 N.E.2d 524.

### IV.

Defendant next asserts the trial court erred in failing to give defendant's tendered instructions on criminal conversion and criminal trespass as lesser included offenses.

The first step in determining whether an instruction on a lesser included offense is proper is to look at the statutes involved *as well as the charging information.* If the state, through careful drafting of the information, chooses not to charge a lesser offense, the defendant is not entitled to an instruction on it. *Jones v. State,* (1983) Ind., 456 N.E.2d 1025. As we stated in *Jones v. State,* (1982) Ind., 438 N.E.2d 972, "the state through its drafting can foreclose as to the defendant, the tactical opportunity to seek a conviction for a lesser offense." *Id.,* 438 N.E.2d at 975. Obviously, there is an attendant risk on the state's part when they chose not to charge a lesser offense. But "[t]he point is that absolute discretion rests in the state to determine the crime(s) with which a defendant will be charged." *Id.*

In the present case the information leaves little doubt that the state did not charge the defendant with the lesser included offenses of criminal trespass and criminal conversion. Rather, the information specifically charged defendant with theft, in violation of Ind.Code § 35–43–4–2, and with burglary, in violation of Ind.Code § 35–43–2–1. We therefore find that defendant failed to pass the first step in the two-step analysis for determining the propriety of instructions on lesser included offenses. *See Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208. Accordingly, the trial court did not err in refusing the tendered instructions.

### V.

Defendant lastly contends that the cumulative effect of all the prejudicial circumstances in the trial deprived him of a fair trial. Defendant asserts that, even if this Court finds no individual error justifies reversal, "the court should consider the diminution of [defendant's] opportunity for a fair trial which resulted from the compounding of individual prejudicial events." Defendant, however, has merely reargued the issues discussed above. Since we have found no error in any of those issues, we cannot say that their combined effect deprived defendant of a fair trial.

For all of the foregoing reasons, there was no trial court error, and the judgment of the trial court should be affirmed.

Affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.