Arnold CADE Appellant–Defendant,

v.

STATE of Indiana Appellee–Plaintiff.

No. 49A02–9108–CR–353.[1]

Court of Appeals of Indiana,
First District.

April 21, 1992.

Susan W. Brooks, McClure, McClure & Kammen, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Arnold Cade appeals from his jury trial conviction of robbery as a class C felony, for which he received a sentence of seven (7) years. The evidence reveals he took food from a customer at the drive-through window of a fast-food restaurant. On appeal, he claims the trial court should have replayed testimony to the jury as it had requested. We affirm.

After it had begun to deliberate, the jury sent the trial judge the following request:

Judge.

---

1. This case was reassigned to this office on February 17, 1992 by direction of the Chief

Could the jury listen to the testimony of any of the witnesses for further review and consideration?

The record reveals the Defendant agreed that the answer to the question should be, "No." The trial court sent that response to the jury.

Cade contends that the trial court had an obligation to provide the jury with such properly admitted testimony when so requested. In Cade's opinion, the trial court committed fundamental error when it did not replay the testimony. He claims this situation requires reversal regardless of the fact he did not object and, in fact, agreed with the procedure used by the trial court.

■ The source of this obligation is Ind. Code 34–1–21–6:

> After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys.

This statute has been construed to require the trial judge, upon request of the jury, to read to them any properly admitted testimony or documentary evidence. Failure to do so, however, is not reversible error per se. *Douglas v. State* (1982), Ind., 441 N.E.2d 957, 962 (citing *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188 and *Smith v. State* (1979), 270 Ind. 579, 388 N.E.2d 484).

In *Survance v. State* (1984), Ind., 465 N.E.2d 1076, the appellant claimed the trial court had erred when it had not provided the jury, at its request during deliberations, with a copy of a specified portion of a witness' testimony. Our supreme court, however, did not meet that issue. At the time the jury had made the request, the appellant had objected to compliance with the request. The appellant had taken the position that the trial court should not provide the jury with the testimony. Similarly, in the present case, Cade agreed with the trial court that the instant jury should not be provided with the testimony and that the answer to their request should be, "No."

■ In any event, the error in *Survance*, if any, was not fundamental and had not been preserved at the time it allegedly had been committed or by the motion to correct error. 465 N.E.2d at 1083. The alleged error was not available on appeal. *Id.* Likewise, Cade did not preserve this alleged error with any objection to the procedure and, in fact, agreed with it. The alleged error is therefore not available on appeal. *Id. See also, Faulk v. Chandler* (1980), Ind.App., 408 N.E.2d 584.

■ Regardless, the trial judge had no obligation, as Cade contends, to "at a minimum" determine "which witness's testimony was requested and if there was a 'disagreement which would have brought the request within the mandatory provisions of the statute.'" In *Survance*, it was determined that the jury's request had not been made by reason of any disagreement about the testimony, as the above statute contemplates, but, rather, was made by reason of some of the jurors not having heard the testimony. *Id.*

Thus, *Survance* shows us that a genuine disagreement about the evidence must exist. Cade asserts the trial judge, not the defendant, must affirmatively determine whether a disagreement exists.

In *Counceller v. State* (1984), Ind., 466 N.E.2d 456, the defendant argued, inter alia, that the trial judge must first determine if there is a disagreement about the testimony before asking if the jury wants testimony replayed. The trial judge had addressed the foreman of the jury and had asked whether the jury desired to have the testimony of a particular witness replayed. The foreman had answered affirmatively and, upon further questioning, had stated the jury desired to hear the testimony of a police officer again because the jurors had had a disagreement among them about a portion of his testimony. In its decision, our supreme court stated:

> We do not believe that the judge committed any error by not asking if there was

disagreement before asking if the jury wanted the testimony replayed. This did not, as defendant believes, suggest disagreement to the jury. We also do not believe that the trial judge must determine exactly what the jurors disagree about. Doing so might call undue emphasis to part of the testimony at the expense of the whole. There is little utility in determining whether the jury disagrees in one area of testimony or ten; the fact that there is a disagreement serious enough to warrant a request to have the testimony replayed is sufficient.

466 N.E.2d at 461.

The decision in *Counceller* is not dispositive of Cade's claims because, in that case, the trial judge had affirmatively determined that a disagreement about the officer's testimony existed. This is what Cade claims the trial judge in his case did not do. The *Counceller* decision leads us to conclude, however, that the trial judge's obligations in this area are not expansive.

In *Smith*, 270 Ind. 579, 388 N.E.2d 484, our supreme court stated that the trial court must exercise discretion in determining whether certain questions of the jury should be answered. *Id.* 388 N.E.2d at 485. There, the jury had requested that the testimony of four witnesses be replayed. The trial court had responded that to do so would give undue weight to that testimony. The court on appeal concluded that the appellant had failed to show how the refusal to answer the jury's questions acted to prejudice him. The appellant had made no objection to the trial court's action at the time the jury's requests had been refused. The court stated:

> His motion for new trial was based on the proposition that the questions propounded by the jury indicated they were uncertain as to the testimony; therefore the court erred in refusing to declare a hung jury.

Our supreme court found no abuse of discretion in the trial court's refusal to answer the jury's questions. *Id.* 388 N.E.2d at 486. We may therefore conclude that, even though the appellant had alleged that the jury's questions indicated the jurors had been "uncertain" (and not that they had had a disagreement) about the testimony, the trial court had abused no discretion when it refused to answer those questions. Again, this shows us that the trial judge's obligation to make inquiries in this area is not expansive.

In *Ortiz,* 265 Ind. 549, 356 N.E.2d 1188, it is not apparent that the trial court was required to determine whether jurors had a "disagreement" about the testimony before the trial judge was allowed to reread a statement. The same is true about the replayed testimony in *Shaffer v. State* (1983), Ind., 449 N.E.2d 1074 (requests to hear tapes of testimony showed that the jury "obviously could not agree upon a verdict," (not. that the jurors had a "disagreement" about the testimony); however, trial court erroneously acceded to the jury's request to rehear substantially the entire case). *Cf. Anderson v. Taylor* (1972), 154 Ind.App. 217, 289 N.E.2d 781 (the judge having instructed the jury as to the law and the jury asking for a dictionary and not explaining why they wanted it was no justification for the court to bring them back into open court and ask them what they wanted with a dictionary).

Finally, in *Brownlee v. State* (1990), Ind. App., 555 N.E.2d 505, the jury sent a note to the trial court which indicated that two of the jurors could not clearly hear certain testimony and which requested that the tape be replayed. Without informing or consulting with Brownlee, the trial court replied, "No." The court stated that, although I.C. 34–1–21–6 seems to require that jurors disagree about the testimony, rather than merely being unable to hear the testimony, the court was unable to determine who wrote the note or whether a disagreement about the testimony existed. The court then speculated that, although the note stated two of the jurors could not clearly hear parts of the taped testimony, the note might have meant the two jurors had heard something different than the other ten had heard. The court went on to state:

> Because Brownlee was not informed of the jury's request, he had no opportunity

to request clarification and determine if there was, in fact, a disagreement, which would have brought the request within the mandatory provisions of the statute. 555 N.E.2d at 508. Under the circumstances, the trial court's failure to inform Brownlee of the jury's request was reversible error.

■ This quoted sentence from *Brownlee* leads us to conclude that the court believed the party who wants the testimony replayed must take steps to determine whether a disagreement exists when the jury so requests. If the party does so and brings the request within the mandatory provisions of the statute, then the trial judge is required, upon request of the jury, to read to it any properly admitted testimony or documentary evidence even though failure to do so will not be deemed reversible error per se. *Douglas*, 441 N.E.2d at 962. If the party does not do so, the trial judge is not required to do so instead. The trial judge's conduct in this area is discretionary.

■ In the present case, Cade did not take steps to determine whether any disagreement among the jurors existed. His assertion that "there exists a strong possibility that they disagreed as to portions of the testimony" does not pass muster. The note from the jury asked whether it could listen to the testimony of any of the witnesses for further review and consideration. This provides no basis for a belief that there was any disagreement about the content of the testimony. The trial judge could, in her discretion, have determined whether the jurors had a disagreement but did not. Cade appears to have agreed to the trial court's procedure for strategic reasons. With his agreement, Cade invited any error he now wishes to assert. *See Berry v. State* (1991), Ind.App., 574 N.E.2d 960, 963, *trans. denied*. In light of this agreement, we find no abuse of discretion by the trial court.

Judgment affirmed.

BUCHANAN, J., concurs.

RATLIFF, C.J., concurs with separate opinion.

RATLIFF, Chief Judge, concurring.

When Cade agreed that the testimony requested should not be replayed to the jury, he waived any alleged error in not granting the jury's request. He thereby invited the error and may not now complain. *Berry v. State* (1991), Ind.App., 574 N.E.2d 960, 963, *trans. denied*. Neither was such error, if in fact there was any error, fundamental error. *Survance v. State* (1984), Ind., 465 N.E.2d 1076, 1084.

I agree with the majority opinion in holding any error to be invited error and not fundamental error. Having so held, there is no reason to go further. On these bases, and without expressing an opinion as to the other matters discussed by the majority, I concur.