**John E. SMILEY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 20A03–9105–CR–126.**

Court of Appeals of Indiana,
Third District.

Oct. 7, 1991.

R. Brent Zook, Goshen, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant John E. Smiley appeals his conviction for delivery of cocaine, a Class B felony. Smiley was sentenced to

a determinative term of ten-years imprisonment, four years of which were suspended with probation.

The evidence relevant to the appeal discloses that in January 1990 a police informant telephoned a Goshen police officer regarding Smiley. The informant told the officer that Smiley had offered to sell the informant one-quarter gram of cocaine. The officer asked the informant to arrange a meeting with Smiley.

The informant was searched at the police station. He was also equipped with a monitoring device. The officer gave the informant $40.00 to purchase the cocaine.

The informant then met Smiley and Smiley's female companion at the pre-arranged site. From his vehicle, the officer observed the meeting. Smiley gave the informant a plastic bag containing a substance which was later determined to be cocaine. The informant gave Smiley $40.00. The officer was able to take a picture of the meeting. Also, the officer heard a discussion about acquiring more cocaine. Smiley stated that the price for one-eighth ounce was $225.00. The three then parted.

Smiley was arrested and charged with delivery of cocaine. Smiley's jury trial was held on November 20, 1990. During the State's case-in-chief, the testimony of four witnesses was presented. The defense called one witness. After receiving instructions, the jury retired to deliberate at 3:10 P.M. Sometime before 4:45 P.M. the jury foreman sent a request "to review the transcript of the conversation between [Smiley] and [the informant] at the time of the delivery [transaction]." At 4:45 P.M., the jury was returned to the courtroom. All of the testimony as to the conversation during the delivery was read to the jury by the court reporter. At 5:00 P.M., the jury returned a guilty verdict. This appeal ensued.

On appeal Smiley raises one issue for review: whether the trial court erred in allowing portions of the direct examination of the officer and the informant to be read to the jury without ascertaining that a disagreement about the evidence existed.

■ The record does not disclose and Smiley does not argue that he objected to the trial judge's decision to allow the testimony to be read to the jury or the method chosen, that is allowing the court reporter to read excerpts of the testimony regarding the transaction. The failure to object to the request at trial forecloses review. *Cf. Maxie v. State* (1985), Ind., 481 N.E.2d 1307, 1310 (failure to object at trial and to include in motion to correct errors resulted in waiver of issue regarding court's response to jury's inquiry during deliberations).

■ However even if review was not foreclosed, it does not follow that the trial court erred. IND.CODE § 34–1–21–6 (1988 Ed.) provides:

"After the [jurors] have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

Smiley contends on appeal that the record does not disclose the jurors' disagreement as to any part of the testimony. Accordingly, Smiley complains that the trial court failed to follow the mandate of the statute.

It has been determined that the statute mandates the trial judge's compliance with a jury's request to "have read to them any properly admitted testimony or documentary evidence."

*Ortiz; Williams v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188, 1197;

*see also Smith v. State* (1990), Ind.App., 549 N.E.2d 1101, 1106.

However, courts on review have stopped short of requiring the disagreement, prior to the trial court's decision to allow the jury to review evidence after the deliberations have commenced. *But see Brownlee v. State* (1990), Ind.App., 555 N.E.2d 505, 508 ("the statute seems to require that the juror *disagree* about the testimony ...").

In *Counceller v. State* (1984), Ind., 466 N.E.2d 456, our Supreme Court determined that no error occurred when the trial judge asked whether the jury desired to have testimony replayed prior to questioning the jury foreman whether a disagreement existed. *Id.* at 460–61. The court stated:

"We do not believe that the judge committed any error by not asking if there was disagreement before asking if the jury wanted the testimony replayed. This did not, as defendant believes, suggest disagreement to the jury. We also do not believe that the trial judge must determine exactly what the jurors disagree about. Doing so might call undue emphasis to part of the testimony at the expense of the whole."

*Id.* at 461.

No error occurred in the trial court's decision to comply with the jury's request to hear the testimony regarding the discussion during the transaction.

Smiley argues further that the method chosen by the judge caused him substantial peril. Smiley contends that allowing the court reporter to read the testimony, and the judge's action in sifting through the testimony to limit the excerpts to those involving the conversation during the transaction without corresponding cross-examination damaged his defense by placing undue emphasis on certain aspects of the State's case. As noted above, Smiley failed to object at trial. Moreover, Smiley's argument lacks merit.

■ As noted by Smiley, a trial court's authority to read or play portions of the trial testimony after deliberations have commenced is not unlimited. *See Shaffer v. State* (1983), Ind., 449 N.E.2d 1074, 1076–77 (trial court erred in allowing jury to rehear substantially the entire case after deliberations began, thereby substituting auditory recollection for observations at trial). Here, the trial judge carefully limited the portions of the testimony read to the jury. Only the sections which directly related to the conversation during the transaction, as requested by the jury, were read. The cross-examination of the witnesses' testimony was not included inasmuch as the witnesses were not cross-examined regarding the conversation.

There being no finding of reversible error, the judgment of conviction is affirmed.

Affirmed.

GARRARD and BUCHANAN, JJ., concur.