Mitchell SWALLOWS, Appellant,

v.

STATE of Indiana Appellee.

No. 03S01–9612–PC–00740.

Supreme Court of Indiana.

Dec. 31, 1996.

Susan K. Carpenter, Public Defender of Indiana and Linda G. Nicholson, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General of Indiana and Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Defendant was convicted of two counts of Attempted Murder, four counts of Criminal Confinement while armed with a deadly weapon, and two counts of Attempted Criminal Deviate Conduct while armed with a deadly weapon. This is an appeal from the post-conviction court's affirmance of these convictions. The Court of Appeals reversed the post-conviction court solely on the issue of the attempted murder instruction. Judge Najam, writing for a unanimous court, found that the trial court committed fundamental error by failing to instruct on the specific intent element of attempted murder. We grant transfer in order to address this issue.

FACTS

The facts as relayed by the Court of Appeals are as follows: On February 5, 1985, Defendant attempted to rape Dinah Durham who escaped and pressed charges. Two days later, Defendant and Marvin McCall forced Doyle Hoskins, at gun point, to drive them to Durham's home. Susie Carmichael, Durham's roommate, answered the door. The men forcibly entered the apartment, and Defendant demanded that Durham drop the charges against him, to which she agreed.

Defendant, not believing her promise to drop charges, forced Durham and Carmichael into the bedroom. McCall followed Defendant's order to lock Carmichael, and a visitor, in the closet. During this time, Hoskins escaped from the apartment. Then, while McCall held the gun, Defendant attempted and failed to perform anal intercourse on Durham and then forced her to engage in

vaginal intercourse. Afterwards, Defendant took the gun and shot Durham in the head and then the back. Defendant next dragged Carmichael from the closet into the living room and beat her with a bedpost. After Defendant and McCall left the apartment, Durham managed to contact a neighbor who called the police.

## DISCUSSION AND DECISION

The State raises the sole issue of whether the trial court committed fundamental error by failing to instruct on the specific intent element of attempted murder. We hold that the postconviction court properly found that the original trial court did not commit fundamental error by failing to instruct on specific intent.

The instruction on attempted murder given at Defendant's trial reads as follows:

To convict the defendant, the State must have proved each of the following elements. The Defendant:

1. Knowingly or intentionally

2. Engaged in conduct to kill another human being and

3. That the conduct was a substantial step toward the commission of the crime of murder.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty.

(R. at 506.)

■ The court clearly erred in giving this instruction because it fails to advise the jury that in order to find a defendant guilty of attempted murder, they must find the defendant acted with the specific intent to kill. *Clark v. State,* 668 N.E.2d 1206, 1210 (Ind.1996); *Spradlin v. State,* 569 N.E.2d 948, 950 (Ind.1991). Defendant, however, failed to object to this instruction at trial. The issue, then, becomes whether the failure of the court to give the instruction constitutes fundamental error for which a post-conviction court must reverse although the defendant registered no objection to the instruction.

We have found that, in cases on direct appeal where intent is not in issue, instructions which fail to advise the jury that specif-

ic intent to kill is required to convict a defendant of attempted murder do not necessarily constitute fundamental error. *Clark,* 668 N.E.2d at 1210 n. 3; *Jackson v. State,* 575 N.E.2d 617 (Ind.1991). Likewise, in this case we do not find that the trial court committed fundamental error by using language that said "to kill" rather than "intended to kill." The intent of the Defendant was not in issue, as the theory of defense revolved around proving the State could not show "beyond a reasonable doubt that my client, Mitch Swallows, is the one who had done all of these things." (R. at 623–24.) Thus, the defense tactic was to put identity at issue.

■ Further, Defendant did not raise the instruction error on direct appeal but waited until post-conviction to do so. Post-conviction relief is generally available to rectify errors which could not be raised on direct appeal. *Lowery v. State,* 640 N.E.2d 1031, 1036–37 (Ind.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 525, 133 L.Ed.2d 432 (1995); *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind.1993). The trial court's error in failing to advise the jury of the specific intent requirement plainly appears on the face of the record, and Defendant could easily have raised the issue on direct appeal. Thus, because intent was not at issue at trial and because Defendant waited until post-conviction to raise the issue of specific intent, these attempted murder jury instructions did not constitute fundamental error.

■ Judge Najam asks that we reexamine our decisions holding that in post-conviction attempted murder cases the failure to instruct on specific intent constitutes fundamental error even where the defendant's intent to kill cannot be seriously disputed. While this holding has been attributed to our decisions, *Yeagley v. State,* 670 N.E.2d 358 (Ind.Ct.App.1996); *Channell v. State,* 658 N.E.2d 925 (Ind.Ct.App.1995), our case law actually requires the opposite conclusion. We, therefore, appreciate and agree with Judge Najam's conclusion that, in a post-conviction case, such as this, where only identity is challenged and intent is not in dispute, failure to instruct on specific intent does not constitute fundamental error.

## CONCLUSION

The post-conviction court is affirmed and Defendant's convictions stand.

SHEPARD, C.J., and DICKSON and BOEHM, JJ. concur.

SULLIVAN J., concurs in result without separate opinion.