**Michael NUCKLES, Appellant–Petitioner,**

**v.**

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–9705–PC–279.

Court of Appeals of Indiana.

Feb. 9, 1998.

---

Susan K. Carpenter, Public Defender, Suzan Felten Jones, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

FRIEDLANDER, Judge.

Michael Nuckles appeals the denial of his petition for post-conviction relief, challenging his conviction of Attempted Murder,[1] a class A felony, and Theft,[2] a class D felony, and the determination that Nuckles was an habitual offender. Terry presents the following restated issues for review:

1. Did the trial court commit reversible error in instructing the jury regarding the intent element of attempted murder?

2. Did the trial court err in ordering that the sentence for the instant conviction be served consecutive to a sentence imposed in an earlier, separate conviction?

3. Did the trial court err in responding to a request made by the jury during deliberations?

4. Did Nuckles receive ineffective assistance of appellate counsel?

We affirm in part, reverse in part, and remand.

---

1. Ind.Code Ann. § 35–42–1–1 (West Supp.1997) (murder); Ind.Code Ann. § 35–41–5–1 (West 1986) (attempt).

2. Ind.Code Ann. § 35–43–4–1 (West Supp.1997).

In affirming Nuckles's convictions on direct appeal, *see Nuckles v. State*, 560 N.E.2d 660 (Ind.1990), our supreme court set forth the facts as follows:

At approximately 11:00 p.m. on November 2, 1987, David Clark answered a knock on his door. He opened the security window on the door and saw a stranger, who he later identified as appellant. The man asked to use Clark's telephone. When Clark refused him entrance, appellant punched his arm through the security window. Clark ran to his bedroom and obtained a gun. When Clark reappeared in the hall with his gun, appellant was standing in the hall holding a gun. Clark fired a shot, which grazed appellant's chest. Appellant knocked Clark against a mirror, and in the ensuing struggle, Clark again managed to fire a shot which passed through appellant's finger. Nevertheless, appellant was able to disarm Clark. As Clark sat on the floor, appellant pointed his gun at him, threatened to kill him, and then fired a shot which struck Clark in the head. Appellant then fled.

*Id.* at 661.

Our supreme court recently set forth the standard of review for the denial of a petition for post-conviction relief:

Post-conviction procedures do not afford the convicted an opportunity for a "super appeal." Rather, they create a narrower remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules. Petitioners bear the burden of establishing their grounds by a preponderance of the evidence. When appealing the negative judgment of a post-conviction court, petitioners must show that the evidence, when taken as a whole, "leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court." If the evidence does not unswervingly point in that direction, the decision of the post-conviction court will stand.

*Matheney v. State*, 688 N.E.2d 883, 890–91 (Ind.1997) (quoting *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993)) (citations omitted).

We note that three of the issues presented by Nuckles, *i.e.*, the attempted murder instruction, the imposition of consecutive sentences, and the trial court's *ex parte* communication with the jury, are subject to waiver. Nuckles seeks to escape waiver by invoking the fundamental error doctrine, which permits review of an improperly raised error if the reviewing court finds that the error was so prejudicial to the rights of the defendant that he could not have had a fair trial. *Cossel v. State*, 675 N.E.2d 355 (Ind.Ct.App. 1996). However, our supreme court recently observed that the fundamental error exception is "an extremely narrow one." *Canaan v. State*, 683 N.E.2d 227, 235 n. 6 (Ind.1997). The court further clarified that, in the post-conviction setting, the exception is generally limited to "[D]eprivation of the Sixth Amendment right to effective assistance of counsel, or ... an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal." *Id.* at 236 n. 6 (quoting *Bailey v. State*, 472 N.E.2d 1260, 1263 (Ind. 1985)). Therefore, if the issues in question were available at the time of trial or direct appeal, we may address them only in the context of claims of ineffective assistance of counsel.

### 1.

Nuckles contends that the court erred in instructing the jury regarding the intent element of the offense of attempted murder.

This issue was available at the time of trial and direct appeal and therefore is waived. *Canaan v. State*, 683 N.E.2d 227. We will address the merits of Nuckles's argument upon this issue in considering his claim of ineffective assistance of appellate counsel.

### 2.

Nuckles contends that the trial court erred in ordering that the sentences imposed for the instant offenses be served consecutively to a sentence imposed for a prior, unrelated criminal conviction.

As with the first issue, this issue was available to trial and appellate counsel but was not preserved. Therefore, the argument is waived. *Canaan v. State*, 683 N.E.2d 227. We will address the merits of Nuckles's ar-

gument upon this issue in considering his claim of ineffective assistance of appellate counsel.

### 3.

Nuckles contends that the trial court erred in responding to a jury request, made during deliberations, to hear again portions of the trial testimony of two witnesses.

This issue was available to trial and appellate counsel and therefore is waived. *Id.* We will address the merits of Nuckles's argument upon this issue in considering his claim of ineffective assistance of appellate counsel.

### 4.

Nuckles contends that he received ineffective assistance of appellate counsel in the following respects: (a) failure to present the issue of the defective attempted murder jury instruction; (b) failure to appeal the imposition of consecutive sentences; and (c) failure to present the issue of the *ex parte* communication with the jury.

Our supreme court recently reiterated the standard of review for claims of ineffective assistance of counsel:

> We evaluate claims concerning denial of the Sixth Amendment right to effective assistance of counsel using the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail, a convict must show that his attorney's performance fell below an objective standard of reasonableness, and that the deficiencies in the attorney's performance were prejudicial to the defense. Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable.

*Cooper v. State*, 687 N.E.2d 350, 353 (Ind. 1997).

### a.

■ Nuckles contends that appellate counsel rendered ineffective assistance of counsel in failing to argue the issue of the erroneous attempted murder instruction.

■ The State correctly concedes that the trial court erred in failing to advise the jury that in order to find a defendant guilty of attempted murder, they must find that the defendant acted with the specific intent to kill. *See Swallows v. State*, 674 N.E.2d 1317 (Ind.1996). However, at the time of Nuckles's direct appeal, our supreme court had not yet decided *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991), the case that established the principle that renders the instant murder instruction erroneous. In fact, at the time of the direct appeal, there arguably was authority to support the giving of the instruction. *See, e.g., Worley v. State*, 501 N.E.2d 406 (Ind.1986). "[A]n ineffective assistance claim cannot be based on counsel's failure to argue the legal reasoning of cases not yet decided at the time...." *Shaffer v. State*, 674 N.E.2d 1, 7 (Ind.Ct.App.1996), *trans. denied.* Appellate counsel's failure to anticipate the change announced in *Spradlin* does not constitute ineffective assistance of counsel.[3]

---

**3.** Moreover, Nuckles would not be entitled to relief even if *Spradlin* were applied.

The failure to instruct on specific intent does not necessarily constitute fundamental error requiring reversal. In *Swallows*, our supreme court held that in a post-conviction case, where only identity is challenged and intent is not in dispute, the failure to instruct the jury on specific intent does not constitute fundamental error. Citing *Clark v. State*, 668 N.E.2d 1206 (Ind.1996), *cert. denied*, — U.S. ——, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997), the court indicated that this principle applies generally where intent is not an issue, presumably because the defendant does not suffer harm from the error. In the instant case, intent to kill was not an issue.

Nuckles admitted that he was present in the victim's house at or near the time of the injury. He also admitted scuffling with the victim, although Nuckles's explanation of the cause of the scuffle differs from Clark's. Most significantly, Nuckles claims that he did not fire the gun at Clark, or even fire a gun at all, for that matter. In fact, Nuckles's trial testimony, although not clear on the point, can be interpreted as a representation that Clark was not injured at the time Nuckles left Clark's residence. Nuckles further opined at trial that Clark's wound was not a gunshot wound. We acknowledge that Nuckles's defense did not present a question of identity, as was the case in *Swallows*. However, neither did Nuckles claim that he shot Clark in self-defense, which clearly would render inapplicable the principle applied in *Swallows*. Viewed as a whole, Nuckles's theory of defense amounted to a denial that he inflicted any injury at all upon Clark. In this circumstance, Nuckles's intent in wounding Clark was not an issue, and the error

#### b.

■ Nuckles contends that appellate counsel's failure to challenge the imposition of consecutive sentences constituted ineffective assistance of counsel.

■ Trial courts may not order that sentences be served consecutively without express statutory authority. *Harris v. State,* 671 N.E.2d 864 (Ind.Ct.App.1996), *trans. denied.* The version of the consecutive sentencing statute in force at the time the defendant was sentenced, rather than a version enacted after sentencing, controls the defendant's sentencing. *Pritscher v. State,* 675 N.E.2d 727 (Ind.Ct.App.1996).

Nuckles was sentenced in April 1988. The sentencing statute in force at that time stated:

(a) Except as provided in subsection (b), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively.

(b) If, after being arrested for one (1) crime, a person commits another crime:

(1) before the date the person is discharged from probation, parole, or a term of imprisonment imposed for the first crime; or

(2) while the person is released:

(A) upon the person's own recognizance; or

(B) on bond;

the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and sentences are imposed.

Ind.Code Ann. § 35–50–1–2 (West 1988) (since amended).

At the time Nuckles was sentenced, the imposition of consecutive sentences such as the trial court ordered was not contrary to then-existing legal authority. Approximately six months after Nuckles's sentencing, however, our supreme court decided a case that arguably could have been interpreted as prohibiting the imposition of consecutive sentences except in those instances when the court was simultaneously imposing two or more sentences. *See Kendrick v. State,* 529

N.E.2d 1311 (Ind.1988). The court later clarified that such was indeed the meaning of the holding in *Kendrick. See Weaver v. State,* 664 N.E.2d 1169 (Ind.1996). Therefore, as later clarified in *Kendrick* and *Weaver,* the trial court erred in ordering that the sentences for the instant offenses be served consecutively to the sentence imposed for the prior offenses. Appellate counsel's failure to present the issue was of constitutional proportions because this court has determined that "fundamental error ... include[s] *illegal sentences in violation of express statutory authority* or an erroneous interpretation of a penalty provision." *Thompson v. State,* 634 N.E.2d 775, 777 (Ind.Ct.App.1994) (emphasis in original).

Because the error in imposing consecutive sentences constituted fundamental error not subject to waiver, appellate counsel's failure to present the issue constituted ineffective assistance of counsel.

#### c.

■ During deliberations, the jury sent a note to the trial court asking to hear a replay of portions of the trial testimony of two witnesses. The trial court simply denied the request, but did not inform counsel before doing so. Nuckles contends that appellate counsel rendered ineffective assistance in failing to present the issue of the court's *ex parte* communication with the jury.

Nuckles claims that the trial court committed fundamental error in this regard by failing to follow the procedure set out in Ind. Code Ann. § 34–1–21–6 (West 1983) when responding to the jury's request. IC § 34–1–21–6 states:

After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys.

The foregoing provision has generated a divergence of views among different panels of

in instructing the jury on the intent element did

not result in harm to Nuckles.

this court. When triggered, the statute requires that the trial court grant the jury's request and conduct the jury into open court to review the evidence or receive further instruction or clarification from the court, as the case may·be. Some panels of this court have held that IC § 34–1–21–6 is triggered whenever the jury makes a request during deliberations. See Brownlee v. State, 555 N.E.2d 505 (Ind.Ct.App.1990); see also State v. Winters, 678 N.E.2d 405 (Ind.Ct.App. 1997). Other panels have held that the statute is not triggered when a jury requests to review evidence or testimony unless, in so doing, the jury manifests disagreement. See, e.g., Dowdy v. State, 672 N.E.2d 948 (Ind.Ct. App.1996), trans. denied; Grayson v. State, 593 N.E.2d 1200 (Ind.Ct.App.1992). We believe that the latter cases, requiring manifest disagreement, represent the better view. We must therefore examine whether the jury's request stemmed from a disagreement among jurors.

Nuckles acknowledges that the request itself did not reflect disagreement among the jurors, but argues that the failure to inform him of the request at the time deprived him of the opportunity to ascertain whether it arose from disagreement. Although this argument was embraced in Brownlee v. State, 555 N.E.2d 505, we reject it and conclude that the statute's applicability is determined at the time the jury makes its request. Johnson v. State, 674 N.E.2d 180 (Ind.Ct. App.1996), trans. denied. In other words, if the request itself does not manifest disagreement, the statute simply does not apply. Because the request did not manifest disagreement, the statute was not triggered and no fundamental error resulted. Moreover, in view of the unsettled nature of the law on this point, we cannot say that appellate counsel's failure to present the issue upon direct appeal constituted ineffective assistance of counsel.

The imposition of consecutive sentences is reversed and this cause is remanded with instructions to adjust the sentence consistent with the principles set out in this opinion. In all other respects, the decision of the post-conviction court is affirmed.

Judgment affirmed in part and reversed in part and remanded.

KIRSCH, J., concurs in result with separate opinion.

BARTEAU, J., concurs in part and dissents in part with separate opinion.

KIRSCH, Judge, .concurring in result.

Although I agree with the result reached by the majority, I reach that result in a very different way.

▆ First, I do not believe that appellate counsel was ineffective for failing to raise the issue of consecutive sentences in Nuckles' direct appeal. As stated by the majority, "[A]n ineffective assistance claim cannot be based on counsel's failure to argue the legal reasoning of cases not yet decided at the time." Maj. opinion at 214 (quoting Shaffer v. State, 674 N.E.2d 1, 7 (Ind.Ct.App.1996)). The proposition the majority relies upon from Kendrick v. State, 529 N.E.2d 1311 (Ind.1988), is contained in dicta. See id. at 1312 (Pivarnik, J., concurring). For this reason, counsel should not be deemed ineffective for failing to argue that consecutive sentences were improperly imposed. Moreover, if, as the majority concludes, the error was fundamental, the error was not waived, and it is unnecessary to reach the question of effectiveness of counsel.

Second, as the author of State v. Winters, 678 N.E.2d 405 (Ind.Ct.App.1997) cited by the majority, I do not believe that cases holding to the contrary "represent the better view." Maj. opinion at 216.

BARTEAU, Judge, concurring in part and dissenting in part with opinion.

I do not believe that Nuckles was denied the effective assistance of appellate counsel, and I therefore dissent from Section 4b of the majority's opinion.

The majority concludes that Nuckles was denied the effective assistance of counsel because his appellate attorney failed to challenge the trial court's imposition of consecutive sentences. The majority indicates that Nuckles' appellate attorney could have made

such a challenge by arguing from *Kendrick v. State*, 529 N.E.2d 1311 (Ind.1988).

In *Kendrick*, the defendant pled guilty to a charge which was pending against him in Division One of the Marion County Superior Court. As a result of his guilty plea, the defendant received a prison sentence of eight years. After this, the defendant pled guilty to other charges which were pending against him in another division of the court. As a result of this second guilty plea, the defendant received two prison sentences which were ordered to be served consecutive to the eight year sentence he had received pursuant to his first guilty plea. The defendant then filed a petition for post-conviction relief, seeking to withdraw the guilty plea he made in Division One. He claimed that his guilty plea should be withdrawn because the Division One court did not advise him "that as a consequence of the plea he would face the possibility that later sentences in the other division of the Superior Court could be ordered served consecutive to the one he would then be serving." *Id.*

The defendant's petition was denied by the post-conviction court. The supreme court affirmed this denial, holding that:

> In the case on appeal, the Division One sentencing court was imposing a single sentence upon a plea of guilty to one of several counts, upon a plea agreement which called for a single sentence. There was therefore no occasion for the exercise of the general authority to order consecutive sentences granted by I.C. § 35–50–1–2(a).

*Id.* at 1312. The court concluded that:

> [The post-conviction court] was correct in concluding as a matter of law that there was no possibility of consecutive sentences arising as a result of appellant's plea of guilty while other charges pended against him. Consequently the lack of an advisement of such non-existent possibility could not impact the decision to plead guilty.

*Id.*

Although the analysis set forth above fully disposes of the issue raised by the defendant, the court provided additional commentary on the interpretation of Indiana Code Section 35–50–1–2(a). The court stated that "[t]he language employed in Section (a) ... is restrictive. The general authority is limited to those occasions when a court is meting out two or more terms of imprisonment." *Id.* This statement seems to provide a basis for the court's subsequent assertion that "there would at a later time in the future, when sentencing upon the [defendant's] other pending charges, in the absence of some agreement between the defense and prosecution, be no occasion for the exercise of that same authority." *Id.*

"In appellate opinions, statements not necessary in the determination of the issues presented are *obiter dictum*. They are not binding and do not become the law." *Koske v. Townsend Engineering Co.*, 551 N.E.2d 437, 443 (Ind.1990). Because the court's additional commentary on the interpretation of Section (a) was not necessary in the determination of the issue presented by the defendant, it was *obiter dictum*.

The question, then, is whether ineffective assistance of counsel may be found simply because an appellate attorney fails to raise an issue whose foundation is *obiter dictum*. I answer this question in the negative. I would hold that, under our standard of review for ineffective assistance claims, an appellate attorney who fails to raise an issue grounded in *obiter dictum* does not exhibit deficient professional performance.

Even if *Kendrick*'s commentary on the interpretation of Section (a) were not *obiter dictum*, I would nevertheless be unable to find ineffective assistance here. "Failure to raise an issue on appeal does not, alone, demonstrate incompetent counsel." *Talley v. State*, 442 N.E.2d 721, 724 (Ind.Ct.App.1982). I would therefore affirm the judgment of the post-conviction court in all respects.