**Michael T. HUBBARD, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 16A01–9712–PC–405.**

Court of Appeals of Indiana.

June 16, 1998.

Susan K. Carpenter, Public Defender, John T. Ribble, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

In 1991, Michael Hubbard was convicted of murder. This court affirmed his conviction in 1992. *Hubbard v. State,* Memorandum Decision No. 16A01–9107–CR–205 (Ind.Ct. App.1992). Hubbard now appeals the denial of his petition for post-conviction relief.

We affirm.

### ISSUE

Whether the trial court erred in denying Hubbard's post-conviction relief petition.

### FACTS

The following facts gave rise to Hubbard's conviction:

> The facts most favorable to the judgment are that on November 2, 1990, the victim, Michael Pittman, quarreled with Jay Moody at the Bourbon Street Bar. After the bar closed, Pittman and Moody argued again in a parking lot. Hubbard, a friend of Moody's, became involved in the argument and threatened to kill Pittman. The altercation was dispelled when the police arrived. However, the group drove around and met again in a vacant lot. The group consisted of Moody; Pittman; Hubbard; Pat Scudder; Mike Lawrence; Pittman's brother, Steve Collins; and, Pittman's wife, Kimberly. All of the witnesses testified as to their observations. Only Steve Collins observed Hubbard actually shoot the fatal shot which killed Pittman instantly. Hubbard denied shooting Pittman and contended that Moody grabbed the shotgun from him, and during the struggle the gun went off and killed Pittman. The jury found Hubbard guilty of murder.

*Hubbard v. State,* Memorandum Decision No. 16A01–9107–CR–205, p. 2 (Ind.Ct.App. 1992).

### DECISION

■ At the hearing on his petition for post-conviction relief, Hubbard had the burden of establishing the grounds for relief. Ind. Post Conviction Rule 1(5); *Canaan v. State,* 683 N.E.2d 227, 228 (Ind.1997), *reh'g denied, petition for cert. filed,* (U.S. Feb. 23, 1998)(No. 97–8025). Therefore, he is now appealing from a negative judgment. *Id.* at 229. When an appeal is from a negative judgment, a court on review must be convinced that the evidence as a whole was such that it leads unerringly and unmistakably to a decision opposite that reached by the trial court. *Id.* It is only where the evidence is without conflict and leads to but one conclusion, and the trial court reached the opposite conclusion, that the decision will be disturbed as being contrary to law. *Id.*

## A.

### Jury Instruction

■ Hubbard first argues that the "trial court's instruction F–2 improperly allowed the jury to convict Hubbard of murder if the State proved that he had acted knowingly, even though the State had charged that Hubbard had committed the crime intentionally, in violation of the right to due process under the fifth and fourteenth amendments to the U.S. Constitution and article one, sections twelve and thirteen of the Indiana Constitution." Hubbard's Brief, p. 9. Hubbard has waived review of this issue because he neither objected to the instruction at trial nor raised the issue in his direct appeal. *See Canaan*, 683 N.E.2d at 235.

Hubbard seeks to avoid application of the waiver doctrine by arguing that "an instructional error such as the one in this case is fundamental error." Hubbard's Brief, p. 13–14. The fundamental error doctrine permits review of an improperly raised error if the reviewing court finds that the error was so prejudicial to the rights of the defendant that he could not have had a fair trial. *Nuckles v. State*, 691 N.E.2d 211, 213 (Ind.Ct.App.1998).

However, our supreme court has recently observed that the fundamental error exception is "an extremely narrow one." *Canaan*, 683 N.E.2d at 235 n. 6. The court further clarified that, in the post-conviction setting, the exception is generally limited to " 'deprivation of the Sixth Amendment right to effective assistance of counsel, or … an issue demonstrably unavailable to the petitioner at the time of his [or her] trial and direct appeal.' " *Id.* at 236 n. 6 (quoting *Bailey v. State*, 472 N.E.2d 1260, 1263 (Ind.1985)).

Therefore, if the issues in question were available at the time of trial or direct appeal, we may address them only in the context of claims of ineffective assistance of counsel. *Nuckles*, 691 N.E.2d at 213. Here, because Hubbard's argument that the trial court improperly instructed the jury was available at the time of trial and direct appeal, we will address the merits of his argument upon this issue in considering his claim of ineffective assistance of counsel. *See id.*

## B.

### Ineffective Assistance of Counsel

■ The State charged Hubbard with intentionally killing Pittman. At trial, the court instructed the jury as follows:

The crime of murder is defined by statute as follows:

A person who knowingly or intentionally kills another human being commits murder, a felony.

To convict the defendant, the State must have proved each of the following elements:

Michael T. Hubbard

1. knowingly or intentionally

2. killed

3. Mike E. Pittman....

(R. 346). Hubbard contends that his trial and appellate counsels were ineffective for failing to 1) object to this instruction at trial and 2) raise the instructional error in Hubbard's direct appeal. According to Hubbard, the instruction "improperly allowed the jury to convict him of murder if the State proved that [he] had acted knowingly, even though the State had charged that [he] had committed the crime intentionally." Hubbard's Brief, p. 9.

We evaluate claims concerning denial of the Sixth Amendment right to effective assistance of counsel using the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Cooper v. State*, 687 N.E.2d 350, 353 (Ind. 1997). To prevail, a defendant must show that his attorney's performance fell below an objective standard of reasonableness, and that the deficiencies in the attorney's performance were prejudicial to the defense. *Id.* Prejudice exists when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result of the proceeding fundamentally unfair or unreliable. *Id.*

We need not determine whether counsel's performance was deficient before examining the prejudice suffered as a result of the alleged deficiency. *Id.* Accordingly, we proceed to evaluate whether the alleged error rendered the result of Hubbard's trial funda-

mentally unfair or unreliable. *See id.* When making this evaluation, we consider the totality of the evidence, taking due account of the effect of the alleged error. *Id.*

■ First, as the State points out, even if trial counsel had objected to the instruction, the State could have amended the information to allege that Hubbard knowingly or intentionally murdered Pittman. An information may be amended at any time to cure a defect if the substantial rights of the defendant are not prejudiced. *Taylor v. State,* 677 N.E.2d 56, 67 (Ind.Ct.App.1997), *trans. denied.* Such an amendment would not have changed the theory of the case because Hubbard did not contest his intent. Rather, he testified that he did not fire the gun. Further, such an amendment would not have changed the identity of the offense charged or caused prejudice to Hubbard's substantial rights. *See id.*

Second, our review of the trial record reveals evidence that Hubbard and Pittman had argued earlier in the evening and that Hubbard had threatened to kill Pittman. After he arrived at the vacant lot, Hubbard pulled out his shotgun and loaded it. Steve Collins heard Hubbard state that he had a "gun for Pittman's ass." (R. 637). Mike Lawrence saw Hubbard fire one shot in Pittman's direction which missed him. As Pittman attempted to run away, Collins saw Hubbard fire a second shot which killed Pittman. In light of this evidence of guilt, we cannot say that trial and appellate counsels' alleged errors rendered the result of the trial fundamentally unfair or unreliable. *See Cooper.* Thus, Hubbard's claim that he was denied effective assistance of trial and appellate counsels must fail.

Affirmed.

STATON and FRIEDLANDER, JJ., concur.