William A. MAJORS, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 34A05–0001–PC–34.

Court of Appeals of Indiana.

Sept. 27, 2000.

---

Susan K. Carpenter, Public Defender of Indiana, Anne Murray Burgess, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

William A. Majors appeals the denial of his petition for post-conviction relief from his conviction for attempted murder.

We reverse and remand for a new trial.

### ISSUE

Whether the post-conviction court erred in denying Majors' petition.

### FACTS

As described in more detail in our opinion on Majors' direct appeal, a series of incidents involving the Kokomo Police Department took place over the course of several hours one night in his neighborhood. *Majors v. State*, No. 34A05–9206–CR–00186, 618 N.E.2d 68, memorandum decision (Ind.Ct.App. July 21, 1993). Subsequently, discussions

> began between Majors and his co-defendants regarding their anger over the way the police had treated people and their desire to do something to the police. Majors and his co-defendants planned to lure police to their neighborhood. One of the co-defendants placed an anonymous call to 911, reported gunshots, and requested that police be dispatched to the area selected by the co-defendants. The lure was effective, and Officer Michael Vautaw was dispatched to the area. Majors and his co-defen-

> dants, each of whom had a firearm, concealed themselves in a wooded lot and awaited the arrival of the police. Officer Vautaw approached the intersection of Monroe and Purdum Streets and slowed his marked squad car to a stop at the intersection. Majors pointed his weapon, a 12–gauge shotgun loaded with deer slugs, at Officer Vautaw's squad car and fired the weapon. Majors fired his shotgun at least once, and together the co-defendants fired between fifteen and twenty shots. A projectile from Majors' weapon blew a hole in the passenger side door of the squad car at the height of the armrest and exited the vehicle through the floorboard. There was no other damage to the vehicle, and Officer Vautaw was not injured in the incident.

*Id.* at 3–4.

Majors was charged with attempted murder and conspiracy to commit murder. He was convicted of both charges following a jury trial. At the sentencing hearing, the State's motion to vacate the conspiracy to commit murder conviction was granted. On his direct appeal, Majors challenged his conviction by raising two evidentiary issues and also arguing that the State "failed to prove beyond a reasonable doubt [his] intention to kill Officer Vautaw." *Id.* at 11. Finding sufficient evidence to support the inference of Majors' intent to kill, we affirmed the conviction. *Id.*

In his petition for post-conviction relief, Majors asserted that the trial court had committed fundamental error when it failed to instruct the jury "on the requisite element of intent to kill." (P.C.R. 58). He further asserted that his trial counsel was ineffective for having failed to object in this regard. An evidentiary hearing was held. The post-conviction court received the record of Majors' trial and transcripts of opening and closing arguments at trial. Trial counsel testified that the defense theory was that the co-defendant witnesses were unbelievable and that one such co-defendant "was the one who fired and shot" the officer's car. (P.C.R. at 117).

The post-conviction court found that the jury had been read the information, which charged that

> Majors knowingly or intentionally engaged in conduct that constitutes a substantial step toward the knowing or intentional killing of another human being, to-wit: William A. Majors laid [sic] in wait and fired a shotgun, striking Kokomo Police Department Unit 607, occupied by Officer Michael Vautaw at the intersection of ....

(P.C.R. at 89). It further found that the trial court instructed the jury on the charge of attempted murder as follows:

> A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.
>
> The crime of Murder is defined by statute as I.C. 35–42–1–1.[1]
>
> To convict the defendant, the State must have proved each of the following elements:
>
> The defendant
>
> (1) knowingly or intentionally
>
> (2) engaged in conduct that constitutes a substantial step toward the knowing or intentional killing of another human being;
>
> (3) which was a substantial step toward the commission of the crime of murder, by laying [sic] in wait and firing a shotgun, striking Kokomo Police Department Unit 607, occupied by Officer Michael Vautaw at the intersection of ....
>
> If the State failed to prove each of these elements, you should find the defendant not guilty.
>
> If the State did prove each of these elements beyond a reasonable doubt,

you should find the defendant guilty of the crime of attempt, a Class A felony.

(P.C.R. at 92). The court further noted that Majors' trial counsel "did not object" to the trial court's instruction describing the requisite elements of murder and did not tender "an attempted murder instruction that specified the jury must find that the defendant specifically intended to kill Officer Vautaw beyond a reasonable doubt in order to return a guilty verdict on the attempted murder charge." (P.C.R. at 104).

The post-conviction court held that the trial court erred "in giving an instruction that failed to advise the jury that in order to find a defendant guilty of attempted murder, they must find the defendant acted with the specific intent to kill." *Clark v. State*, 668 N.E.2d 1206, 1210 (Ind.1996), *cert. denied* 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545; *Swallows v. State*, 674 N.E.2d 1317, 1318 (Ind.1996). (P.C.R. at 105–06). However, the post-conviction court then held that because Majors' "intent was not at issue" in his trial, "the erroneous instruction was harmless, not fundamental error." *Id.* at 107.[2]

### DECISION

Post-conviction procedures do not afford the petitioner with a super-appeal, but rather "create a narrow remedy for subsequent collateral challenges to convictions, challenges which must be based on grounds enumerated in the post-conviction rules." *Williams v. State*, 706 N.E.2d 149, 153 (Ind.1999), *cert. denied* — U.S. —, 120 S.Ct. 1970, 146 L.Ed.2d 800 (2000). Petitioners bear the burden of establishing their grounds for relief by a preponderance of the evidence. *Id.* On appeal from a post-conviction negative judgment, the party appealing must establish that "the evidence as a whole, leads unerringly and unmistakably to a

---

1. A separate instruction stated that murder was defined by that statute as "A person who: (1) knowingly or intentionally kills another human being." (P.C.R. at 91).

2. The post-conviction court also found that Majors' trial counsel was not ineffective.

conclusion opposite to that reached by the trial court." *Id.* at 154.

Majors claims that the jury "was not instructed on all the necessary elements the State had the burden of proving" in order to convict him "on the charge of attempted murder." Majors' Brief at 13. Specifically, the trial court "failed to advise the jury the State had the burden to prove beyond a reasonable doubt that [he] acted with the intent to kill in order to return a verdict of guilty," and "[b]ecause Majors' intent was at issue, the failure to instruct on the element of the intent to kill was fundamental error." *Id.* We agree.

■■ As the post-conviction court correctly found, the trial court erred when it failed to instruct the jury that in order to find Majors guilty of attempted murder, it must find that he acted with the specific intent to kill. Our supreme court clearly explained a year before Majors' trial,

> an instruction purporting to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform that jury that the State must prove beyond a reasonable doubt that the defendant, *with intent to kill the victim*, engaged in conduct which was a substantial step toward such killing.

*Spradlin v. State*, 569 N.E.2d 948, 950 (Ind.1991) (italics added). Thus, to sustain a conviction for attempted murder, "the jury must be instructed that the accused *intended* to kill the victim and took a substantial step to do so." *Metcalfe v. State*, 715 N.E.2d 1236, 1237 (Ind.1999) (italics in original) (citing *Spradlin* ). A jury instruction that permits a conviction if the accused "*knowingly* attempted to kill" is inadequate and, consequently, results in reversal on appeal. *Metcalfe*, 715 N.E.2d at 1237 (italics in original); *see also Clark v. State*, 668 N.E.2d 1206, 1210 (Ind.1996), *cert. denied* 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997).

■■ The claim that a trial court inadequately instructed the jury on the mens rea for attempted murder has been called a "*Spradlin* claim." *Metcalfe*, 715 N.E.2d at 1237. A *Spradlin* claim generally presents the potential for fundamental error, allowing the claim of error to be presented despite having failed to object at trial. *Id.* Fundamental error is error that, if not corrected, would deny a defendant fundamental due process. *Jackson v. State*, 575 N.E.2d 617, 621 (Ind.1991). However, instances of *Spradlin* error are not always reversible, as in *Swallows v. State*, 674 N.E.2d 1317 (Ind.1996), where "the intent of the perpetrator was not a central issue at trial." *Metcalfe*, 715 N.E.2d at 1237.

■■ As noted earlier, the post-conviction court held that the trial court's instructional error was harmless because Majors' intent was not at issue in his trial. The State agrees, asserting that Majors' "intent to kill was not the central issue at trial," and "Majors did not contest his intent [at] trial." State's Brief at 7, 8. The State directs us to *Goudy v. State*, 689 N.E.2d 686, 697 (Ind.1997); *Swallows*, 674 N.E.2d at 1318; *Clark*, 668 N.E.2d 1206; and *Jackson*, 575 N.E.2d 617, for the proposition that where the defendant's theory at trial "was that someone else ... committed the crime," the "erroneous instruction [does] not rise to the level of fundamental error." State's Brief at 8.

In *Goudy*, the defendant and his confederate were "alongside the [victim's] car" when they fired into the car, and bullets struck the victim and his front seat passenger. 689 N.E.2d at 690. Goudy had asserted an alibi defense. In *Swallows*, the defendant shot the victim in the head and the back and then dragged her a distance before beating her with a bedpost. 674 N.E.2d at 1318. At trial, Swallows "challenged only" his identity as the perpetrator. *Swallows v. State*, 671 N.E.2d 459, 465 (Ind.Ct.App.1996), *aff'd.* 674 N.E.2d 1317 (Ind.1997). In *Clark*, the "defense theory was self defense," not that someone else did it. 668 N.E.2d at 1209. In *Jackson*, when the defendant was "within inches" of the victim, he shot the victim in

the neck. "The only issue was whether Jackson was the gunman." *Id.* at 623.

Majors asserts, however, that his intent was in dispute at trial and cites *Grundy v. State*, 695 N.E.2d 167 (Ind.Ct.App.1998), in support of his argument that post-conviction relief should have been granted. In *Grundy*, the defendant and a group of individuals gave the victim a ride. At some point, one or all of the individuals decided to rob the victim. One of the men struck the victim on the head, and then the defendant and another man began hitting and kicking the victim and then robbed him. Defendant was charged with attempted murder. At trial, Grundy's defense was that he was not the perpetrator, making identity the central issue at trial. Grundy was convicted as charged, and his conviction was affirmed on appeal. Grundy sought post-conviction relief based on the trial court's failure to instruct the jury on the specific intent to kill as required by *Spradlin*. The post-conviction court denied relief, and Grundy appealed. On appeal, this court noted that it was "unclear whether the men intended to merely beat [the victim] up to the point where they could rob him, or whether the men acted with the specific intent to kill." *Grundy*, 695 N.E.2d at 170. Thus, although the general theory of the defense was that Grundy was not the perpetrator, Grundy's intent was put at issue during the trial. Thus, this court concluded that it was not a case where the specific intent to kill could not seriously be disputed, and therefore, the trial court's failure to instruct the jury constituted fundamental error.

The case at bar is analogous to *Grundy*. The primary theory of Majors' defense was that he was not the shooter. However, the record indicates that Majors' intent was also at issue. Under cross-examination from Majors' counsel, the co-defendants disavowed any plan to kill a police officer. Indeed, each accomplice witness testified that his intent was to scare the police. Emory Garnell Smily testified, "The plan was to scare the police," (R.

579), and denied any plan to commit murder. (R. 580). On direct exam, Talik Woodard testified, "[j]ust more or less we were going to do something to the police." (R., 601). Woodard also stated that he did not hear anyone talk about shooting a police officer in the head. (R. 618–19). Antwane Maurice White also testified that he never heard Majors say that he wanted to shoot a police officer. (R. 662). White further testified that there was no agreement to commit murder or to cause bodily injury to a police officer. (R. 663). The evidence also indicates that the shotgun was fired from at least a half block away, and only one slug hit the police car – impacting low on the passenger door. Therefore, we find this case is distinguishable from *Goudy*, *Swallows*, and *Jackson*. This is not a case "where only identity is challenged and intent is not in dispute," such that "failure to instruct on specific intent does not constitute fundamental does not constitute fundamental error." *Swallows*, 674 N.E.2d at 1318.

■ An element of the crime of attempted murder is that the accused acted with the specific intent to kill. *See Spradlin*, 569 N.E.2d at 950. The primary thrust of Majors' defense was that the State had failed to prove that he was the shooter. Nevertheless, as Majors contends, "even if the jury decided" that he "was the actual shooter of the shotgun," Majors' Reply at 2, in order to convict him of attempted murder the State still had the burden of proving that he shot with the specific intent to kill the occupant of the car. As we concluded in our memorandum opinion, the evidence was sufficient to support the inference that he did; however, the jury was never instructed that it had to make that inference in order to find Majors guilty beyond a reasonable doubt.

■ Upon our review, the record of Majors' trial unmistakably and unerringly leads us to conclude Majors indeed carried his burden on post-conviction relief of establishing that his conviction violated the Due Process Clause. *See Williams*, 706

N.E.2d at 153. Consequently, we reverse the post-conviction court's denial of his petition.[3] However, because we have previously determined on direct appeal that sufficient evidence sustained Majors' conviction, retrial is permissible on remand. *See Grundy v. State*, 695 N.E.2d 167, 170 (Ind.Ct.App.1998).

We reverse and remand for a new trial.

MATTINGLY, J., and BROOK, J., concur.

3. Because we find this issue to require reversal, we do not reach Major's second issue: that counsel was ineffective for having failed to object to the trial court's instructions on attempted murder and having failed to tender appropriate instructions.